UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HIAMOUI HESUTU TUPI BEY,

    Plaintiff,

v.                                            Case No:   6:18-mc-38-Orl-41TBS

US SECRETARY OF STATE and
SECRETARY, DEPARTMENT OF
HOMELAND SECURITY,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Memorandum to Waive All United States District Court Document Fees, construed as a motion for leave to proceed *in forma pauperis* (Doc 2). Upon due consideration I respectfully recommend that the motion be **denied** and that this case be **dismissed** without leave to amend.

### I. Background

Plaintiff Hiamoui Hesutu Tupi Bey has filed a paper titled "Emergency Diplomatic Relations" which is construed as a complaint (Doc. 1). Attached to the complaint are a paper titled "The Moorish Divine and National Movement of the World Affidavit LAWFUL NOTICE! Name Declaration, Correction Proclamation and Publication (Doc. 1-1), and a paper titled "The Moorish Divine and National Movement of the World Affidavit Judicial Notice and Proclamation (Doc. 1-2).

It appears that Plaintiff's given name is Kenneth Gregory Jackson (Doc. 1-1 at 1). But, he now goes by Hiamoui Hesutu Tupi Bey, Minister/Ambassador Bey, Federal Employer 06143 (Doc. 1 at 1). Plaintiff states that he is "a Noble of the Al Moroccan

Empire (North America) In Propria Persons (my own proper self); being Moorish American – a Descendant of the Ancient Moabites / Moors, by Birthright, Freehold, Primogeniture and Inheritance; being Aboriginal and Indigenous to the Land /s (Amexem / Americas) Territorium of my Ancient Moabite / Moorish Fore-Mothers and Fore-Fathers-….." (Doc. 1-2 at 1.

All of the papers Plaintiff has filed are gibberish. Because they are incomprehensible, Plaintiff's papers fail to show the basis of the Court' subject matter jurisdiction, how Plaintiff has been damaged, or the relief he seeks.

## II. Law

Federal courts may allow an individual to proceed in *forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2).

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of cases in general–when the complaint "fails to state a claim on which relief may be granted." Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that govern dismissal under Rule 12(b)(6). Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011).

Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's complaint. Because Rule 8(a)(2) requires a plaintiff to "show[]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v. Twombly,

550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), a plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a plaintiff's complaint under this standard, the court must accept all well pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds* as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).

Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (citing Ruhrgas AG v. Marathon

Oil Co., 526 U.S. 574, 583 (1999)). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question ("a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional intent. See 28 U.S.C. § 1331 and § 1332; Alexander v. Sandoval, 532 U.S. 275, 293 n.8 (2001).

Plaintiff has failed to state a cognizable claim for relief that is within the limited jurisdiction of this Court. No federal cause of action is pled and none is apparent. While Plaintiff has named "Mike Pompeo, D.B.A. United States Department State Secretary and Kirstjen M. Nielsen, D.B.A. Department of Homeland Security' as the Defendants, he has not pled facts to support a claim against them.

A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (*per curiam*) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (*per curiam*). Plaintiff's complaint does not meet the standard to grant him leave to amend.

### III. Recommendation

After reading Plaintiff's filings I conclude that if he was granted leave to amend, he would not be able to state a valid claim over which this Court would have jurisdiction. Therefore, I respectfully recommend that the Court:

(1) **DISMISS** this case, without leave to amend;

(2) **DIRECT** the Clerk to terminate all pending motions; and

(3) **CLOSE** the file.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 8, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Plaintiff